## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

THE HABERDASH GROUP INC.,

Plaintiff(s),

v.

TWEEDS SUIT SHOP LLC,

Defendant(s).

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, The Haberdash Group, Inc. d/b/a Twillory ("Plaintiff" or "Twillory"), by and through its attorneys, Bochner PLLC, for its Complaint against defendant Tweeds Suit Shop LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.     This is an action for infringement of Twillory's federally-registered

trademark  (the "Federal  Mark") under Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1), infringement of Twillory's common law

trademark  (the "Common Law  Mark") (the Federal 

Mark and Common Law  Mark, collectively, the "  Marks"), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and deceptive and unfair trade practices under the statutory and common laws of the State of Florida, all arising from the Defendant's

unauthorized use of the mark  in connection with the manufacture, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's clothing and fashion accessories, including, but not limited to, suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts.

2.      Plaintiff seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part

of the events or omissions giving rise to the claim occurred in this district, and 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

5.      Twillory is a corporation that is incorporated in Delaware and has its principal place of business in Valley Stream, New York. Twillory is a well-known and highly respected manufacturer and seller of stylish men's clothing and fashion accessories including, but not limited to, suits, shirts, socks, and related accessories.

6.      Upon information and belief, Defendant is a limited liability company formed under the laws of Florida and does business in Tampa, Florida.

7.      Upon information and belief, Defendant has one member, Donald S. Carson Jr. ("Mr. Carson"). Mr. Carson is a citizen of Florida. Upon information and belief, Defendant is a manufacturer and seller of men's suits, shirts, and accessories.

**FACTS**

A.  Plaintiff and Its  Marks

8.     Plaintiff is a well-known and highly respected manufacturer and seller of men's suits, shirts, and accessories. Twillory was founded in 2014 and, since then, Twillory has redefined men's fashion by offering sophisticated clothing that does not sacrifice comfort.

9.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,675,028 on the Principal Register in the United States Patent and Trademark Office for the Federal  Mark for "Shirts; Socks; Button down shirts; [and] Dress shirts." Attached as Exhibit A is a true and correct copy of the registration certificate for Twillory's United States Trademark Registration No. 5,675,028, which was issued by the United States Patent and Trademark Office on February 12, 2019.

10.     Plaintiff is also the owner valid and subsisting common law rights in

the Common Law  Mark in connection with at least suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts.

11.     Twillory has used the  Marks in commerce throughout the United States continuously since at least as early as May 2018, in connection with the manufacture, provision, offering for sale, sale, marketing, advertising, and promotion of at least its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts. Attached hereto as Exhibit B are true and correct copies of

one of Twillory's online storefronts showing Twillory's use of the  Marks in connection with at least suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts.

12.     As a result of its widespread, continuous, and exclusive use of the

 Marks to identify its suits, blazers, coats, shirts, pants, button down

5

shirts, dress shirts, and Twillory as their source, Twillory owns valid and

subsisting federal statutory and common law rights to the  Marks.

13.     Twillory's  Marks are distinctive to both the consuming

public and Plaintiff's trade.

14.     Twillory has expended substantial time, money, and resources

marketing, advertising, and promoting its suits, blazers, coats, socks, shirts, pants,

button down shirts, and dress shirts sold under the  Marks including

through its website,[1] online storefront,[2] social media including through its

Instagram account[3] and advertisements, and influencer endorsements.

---

[1] https://twillory.com/

[2] https://shop.app/search/results?query=Twillory

[3] https://www.instagram.com/twillory/

15.    Twillory, provides and sells at least its suits, blazers, coats, socks,

shirts, pants, button down shirts, and dress shirts under the  Marks

directly to consumers through its website, https://twillory.com/, and through

other online storefronts.

16.    For example, Twillory sells its suits, blazers, coats, socks, shirts, pants,

button down shirts, and dress shirts under the  Marks through its

storefront on Shop[4] as shown below:

---

[4] https://shop.app/m/1m670ge3tq



17.     Plaintiff offers and sells its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts under its ⓣ Marks to young adults and adult men seeking fashionable clothing.

18.     The suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts Twillory offers under the ⓣ Marks are of high quality and undergo rigorous quality controls.

19.    As a result of Twillory's expenditures and efforts, the

Marks have come to signify the high quality of its suits, blazers, coats, socks, shirts,

pants, button down shirts, and dress shirts designated by the         Marks,

and acquired incalculable distinction, reputation, and goodwill belonging

exclusively to Twillory.

20.    Twillory's          Marks and the suits, blazers, coats, socks, shirts,

pants, button down shirts, and dress shirts offered thereunder have received

significant unsolicited coverage in various media, including Business Insider, USA

Today, Skift, MR Magazine, and more.

B.  Defendant's Unlawful Activities

21.    Upon information and belief, Defendant is engaged in the

manufacture, marketing, advertising, promotion, offering for sale, and/or sale of

suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts.

22.     Without Twillory's authorization, and upon information and belief,



beginning after Twillory acquired protectable exclusive rights in its



Marks, Defendant adopted and began using the mark (hereinafter, the "Infringing Mark") in U.S. commerce.

23.     The Infringing Mark adopted and used by Defendant is confusingly

similar to Twillory's Marks. Among other similarities, both marks comprise a capitalized "T" encased by two circles.

24.     Upon information and belief, Defendant has been engaged in the manufacture, provision, advertising, promotion, offering for sale, and sale of at least suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts using the Infringing Mark throughout at least St. Petersburg, Tampa, Orlando, Sarasota, Ft. Myers, and surrounding areas in Florida. Attached hereto as Exhibit C are true and correct screenshots of Defendant's website showing Defendant's use of the Infringing Mark.

25.     Upon information and belief, the suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts Defendant has manufactured, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are the types of goods identical to those sold by Twillory under its  Marks. Defendant sells such goods in direct competition with Twillory.

26.     Upon information and belief, Defendant has manufactured, provided, marketed, advertised, promoted, offered for sale, and/or sold its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts under the Infringing Mark at least through its website and physical store locations.

27.     Upon information and belief, Defendant has marketed, advertised, and promoted its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts under the Infringing Mark through at least social media including Instagram, its physical store locations, website, and billboards.

28.     Upon information and belief, Defendant offers and sells its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts under the Infringing Mark to the same consumers that Twillory sells to, young adult and adult men.

29.     On May 7, 2024, Twillory's counsel sent a cease-and-desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit D is a true and correct copy of Twillory's counsel's cease and desist letter to Defendant.

30.     After receiving the letter, Defendant's founding member, Mr. Carson, attended a call with Twillory's counsel on May 16, 2024.

31.     During that call, Mr. Carson assured counsel that Defendant is considering ways in which to change its Infringing Mark to sufficiently distinguish it from Twillory's  Marks. Mr. Carson informed Twillory's counsel that they would hear from him the following week.

32.     However, following that call, Twillory received no response from Defendant or Mr. Carson that next week. Then, on May 28, 2024, Twillory was informed that Defendant had engaged counsel, Douglas A. Cherry, to represent it in this dispute. A letter from Defendant's counsel followed on June 3, 2024, in which Defendant declined to comply with the demands set forth in Twillory's May 7, 2024, letter.

33.    Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts originate from, are associated or affiliated with, or otherwise authorized by Twillory.

34.    Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Twillory's  Marks, cause confusion and deception in the marketplace, and divert potential sales of Twillory's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts to the Defendant.

35.    Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Twillory and to its valuable reputation and goodwill with the consuming public for which Twillory has no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

36.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's shirts, socks, button down shirts, and dress shirts, and is likely to cause consumers to believe, contrary to fact, that Defendant's shirts, socks, button down shirts, and dress shirts are sold, authorized, endorsed, or sponsored by Twillory, or that Defendant is in some way affiliated with or sponsored by Twillory. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Twillory's prior rights in the Federal

 Mark and with the willful intent to cause confusion and trade on Twillory's goodwill.

39.     Defendant's conduct is causing immediate and irreparable harm and injury to Twillory, and to its goodwill and reputation, and will continue to both

damage Twillory and confuse the public unless enjoined by this court. Twillory has no adequate remedy at law.

40.     Twillory is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II: FEDERAL UNFAIR COMPETITION

41.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

42.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of at least Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts, and is likely to cause consumers to believe, contrary to fact, that Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts are sold, authorized, endorsed, or sponsored by Twillory, or that Defendant is in some way affiliated with or sponsored by Twillory.

43.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

44.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Twillory.

45.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Twillory, and to its goodwill and reputation, and will continue to both damage Twillory and confuse the public unless enjoined by this court. Twillory has no adequate remedy at law.

47.     Twillory is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III: FLORIDA COMMON LAW UNFAIR COMPETITION**

48.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

49.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to confuse, mistake, or deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts, and is likely to cause consumers to believe, contrary to fact, that Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

50.     This conduct, together with Defendant's other acts alleged herein, constitute unfair, unlawful, and fraudulent business acts and practices because such acts are forbidden by various state and federal laws and are unscrupulous, unfair, and injurious to Twillory. Defendant's acts have irreparably damaged Twillory and will continue to do so unless restrained by this Court, and Twillory is without an adequate remedy at law.

51.     Defendant engaged in unfair competition by engaging in false, misleading or deceptive acts or practices in connection with their sale, offer for

sale, distribution or advertising of its suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts in connection with the Infringing Mark.

52.     In further violation Defendant has engaged in a number of deceptive practices including misrepresenting the source of goods it sells, and misrepresenting an affiliation or endorsement of/by Twillory.

53.     As a direct and proximate result of Defendant's unfair competition, Twillory has suffered irreparable harm to its valuable  Marks and its reputation in the industry. Unless Defendant's conduct is restrained, Twillory will continue to be irreparably harmed.

54.     Twillory has no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendant's acts are allowed to continue.

55.     As a direct and proximate result of Defendant's unfair competition, Twillory has suffered damages, including lost profits and damages to its valuable

Marks and other damages in an amount to be proved at trial.

56.     Twillory should also be entitled to punitive damages and its attorneys' fees and costs.

## COUNT VI: FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

57.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

58.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of at least Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts, and is likely to cause consumers to believe, contrary to fact, that Defendant's suits, blazers, coats, socks, shirts, pants, button down shirts, and dress shirts are sold, authorized, endorsed, or sponsored by Twillory, or that Defendant is in some way affiliated with or sponsored by Twillory.

59.     This conduct, together with Defendant's other acts alleged herein, constitute trademark infringement in violation of the common law of the State of Florida and elsewhere.

60.     As a direct and proximate result of Defendant's conduct, Twillory

has suffered damages to its valuable  Marks and other damages in an

amount to be proved at trial.

61.     Twillory is entitled to, among other things, an order enjoining and



restraining Defendant from selling any products under its infringing

mark, an award of Defendant's profits, Twillory's reasonable attorneys' fees and

any other remedies provided for under the law.

## COUNT VII: UNJUST ENRICHMENT

62.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if
fully set forth herein.

63.     By selling its suits, blazers, coats, socks, shirts, pants, button down
shirts, and dress shirts under the Infringing Mark, Defendant has been unjustly
enriched to Twillory's detriment in violation of the common law of Florida and
elsewhere.

64. Under principles of equity, Twillory is entitled to damages, restitution and/or disgorgement of Defendant's ill-gotten gains.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has infringed on Twillory's  Marks, unfairly competed against Twillory, and has been unjustly enriched at Twillory's expense under the laws of Florida.

3. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote any goods or

services bearing the mark  or any other mark that is a counterfeit,

copy, simulation, confusingly similar variation, or colorable imitation of

Twillory's  marks;

     b.    engaging in any activity that infringes Twillory's rights in its

 marks;

     c.    engaging in any activity constituting unfair competition with

Twillory;

     d.    making or displaying any statement, representation, or

depiction that is likely to lead the public or the trade to believe that (i)

Defendant's shirts, socks, button down shirts, and dress shirts are in any

manner approved, endorsed, licensed, sponsored, authorized, or franchised

by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii)

Twillory's shirts, socks, button down shirts, and dress shirts are in any

manner approved, endorsed, licensed, sponsored, authorized, or franchised

by, or associated, affiliated, or otherwise connected with Defendant;

e.     using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Twillory or tend to do so;

f.     registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark  or any other mark that infringes or is likely to be confused with Twillory's marks, or any goods or services of Twillory, or Twillory as their source; and

g.     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or

associated, affiliated, or otherwise connected with Twillory or constitute or are connected with Twillory's shirts, socks, button down shirts, and dress shirts.

5.      Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark

incorporating the mark  or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Twillory's

 marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other

materials featuring or bearing the mark  or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation

of the Twillory's  marks, and to immediately remove them from public access and view.

6.    Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark  or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's  marks.

7.    Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark  or any mark consisting of, incorporating, or containing Twillory's  marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.      Directing Defendant to cancel with prejudice any and all of its

registrations for the mark  or any mark consisting of, incorporating, or

containing Plaintiff's  marks or any counterfeit, copy, confusingly similar

variation, or colorable imitation thereof on any state or federal trademark registry.

9.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Twillory's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

10.     Awarding Twillory an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11.     Directing that Defendant account to and pay over to Twillory all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Twillory for the damages caused thereby.

12.     Awarding Twillory punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Twillory its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14.      Awarding Twillory interest, including prejudgment and post-judgment interest, on the foregoing sums.

15.     Awarding such other and further relief as the Court deems just and proper.

Dated:  September 19, 2024                    Respectfully submitted,

      Tampa, Florida                          <u>/s/ Thomas H. Stanton</u>
                                              Thomas H. Stanton
                                              Bochner PLLC

100 S. Ashley Dr, Suite 600

Tampa, FL 33602

(646) 971-0685
TStanton@Bochner.Law

*Attorneys for Twillory*

28